IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ROSEMARY GARCIA-FUENTES** | § | **CIVIL ACTION NO.** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | |
| | § | |
| **KIRKLAND'S STORES, INC.** | § | |
| **And SANDEA SUBIALDEA** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Defendants Kirkland's Stores, Inc. and Sandea Subialdea, pursuant to 28 U.S.C. §§1441 and 1332, provide notice of removal of this action styled *Rosemary Garcia-Fuentes v. Kirkland's Stores, Inc.,* Cause No. 2022CCV-61203-2, currently pending in the County Court at Law No. 2, Nueces County, Texas, and in support thereof, respectfully shows unto this Court as follows:

1. Plaintiff Rosemary Garcia-Fuentes filed her Original Petition on September 27, 2022 and Amended Answer on October 10, 2022, claiming damages as a result of an incident involving a fallen broken wall fixture while on the premises of Defendant Kirkland's Stores, Inc. Defendant Sandea Subialdea received the citation on September 30, 2022 for the Original Petition. Defendant Kirkland's received the citation after the Amended Petition was filed on October 10, 2020; therefore, this notice is timely under 28 U.S.C. § 1446(b).

2. Pursuant to 28 U.S.C. §1446 and the Local Rules of the United States District Court for the Southern District of Texas, attached are the following:

a. All executed process in the case (Exhibit A);

b.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

c.  All orders signed by the state judge (not applicable)

d.  The docket sheet (not applicable);

e.  An index of matters being filed (Exhibit C); and

f.  A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit D).

These documents represent all that are presently available as required.

4. The District Courts of the United States have original jurisdiction over this action by reason of diversity of citizenship between the parties. 28 U.S.C. §1332. Plaintiff's Original Petition alleges that Plaintiff Rosemary Garcia-Fuentes resides in Nueces County, Texas and therefore is a citizen of the state of Texas. Defendant Kirkland's Stores, Inc., is a corporation incorporated under the laws of the State of Tennessee, with its principal place of business in Tennessee. Therefore, it is a citizen of the State of Tennessee. Defendant Kirkland's Stores, Inc. is the only proper defendant and the parties are diverse in citizenship.

5. Defendant Sandra Subialdea is a resident of the State of Texas; however, her joinder is improper. She is named because of her status as an employee and store manager. There are no allegations suggesting that she had any personal involvement in the facts surrounding the Plaintiff's injury or any duty to Plaintiff separate and apart from her employment. Plaintiff does not specifically allege that Sandra Subialdea acted or failed to act in any way that would support a cause of action against her.

6. In Texas, individual liability against an employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the

employer's duty of care. *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996); *Gipson v. Wal-Mart Stores, Inc.,* 2008 WL 4844206 at *5 (S.D.Tex. Nov. 3, 2008). The Texas Supreme Court has extended the holding in *Leitch* to premises liability cases. *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005). In *Gipson,* the court found that a Wal-Mart employee did not owe the customer a duty of reasonable care independent from the duty that Wal-Mart owed her because the actions the employee allegedly took were in the course and scope of her employment. *See also IEVM v. United Energy Group, LTD*, 818 F.3d 193 (5th Cir. 2016) ('a defendant is improperly joined if there is no possibility of recovery by the plaintiff against [a nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant') (citations omitted).

5. Plaintiff's Original Petition in the state court seeks damages in an amount not to exceed $250,000, and thus the amount in controversy presumably exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

6. Removal of this cause of action is proper under 28 U.S.C. §1441. It is a civil action brought in state court and the District Courts of the United States have original jurisdiction over this action under 28 U.S.C. §1332, since the plaintiff and the defendant are diverse in citizenship.

7. As required by 28 U.S.C. §1441, the County Court of Law No. 2 in Nueces County falls within the geographical purview of this Court, and thus, venue is proper in the United Stated District Court of the Southern District of Texas, Corpus Christi Division.

8. Written notice of the filing of this Notice of Removal is being promptly given to Plaintiffs and a notice of Filing of Notice of Removal is promptly being filed with the Clerk of the County Court of Nueces County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, PREMISES CONSIDERED, Defendants Kirkland's Stores, Inc. and Sandra Subialdea pray that the state action now pending in the County Court at Law No. 2 of Nueces County, Texas, be removed to this Court, and for any further relief to which Defendant is justly entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.

By /S/ Maryalyce W. Cox
　　Maryalyce W. Cox
　　Attorney-in-charge
　　State Bar No. 24009203
　　One Allen Center
　　500 Dallas, Suite 2800
　　Houston, Texas 77002
　　713-655-1200 telephone
　　713-655-0222 facsimile
　　maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on this the 31st day of October, 2022 pursuant to both the Texas Rules of Civil Procedure and the Federal Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox